Whether there was an agreement made by plaintiff with defendants, and the terms thereof, were matters for the jury. Defendants denied that there was any agreement. Plaintiff swore that it was agreed that he would be paid a commission if “ any transaction ” was had with his customer, even though the transaction was by the customer directly with defendants. There was no objection to the testimony of the plaintiff on the ground that it was at variance with his complaint. At the end of the whole case the motion to dismiss and for the direction of a verdict was not based upon the ground that plaintiff had failed to establish an agreement. The evidence warranted the jury in finding that there was an agreement, as asserted by plaintiff, that the third parties were brought into the transaction and induced to join in the lease by plaintiff’s customer, and that the latter was the most important factor in the transaction. The jury could also say that when the agreement was entered into by plaintiff with defendants, *792 the latter indicated to him that the property would require a syndicate for its proper management and that it was not, therefore, the intention of the parties that a transaction had to be solely with the person brought by plaintiff. In any event, it cannot be said as matter of law that the parties intended that plaintiff’s customer alone should be the lessee. (Rickerson v. Schiffino, N. Y. L. J., July 3, 1931, p. 1780, col. 3 [App. Term, 2d Dept.]; Minks v. Clark, 70 Col. 323.) The customer, Frank Saecente, was bound by the provisions of the lease and was a tenant thereunder. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.